# In the United States Court of Federal Claims

(Pro Se)

|  |  |
|---|---|
| R.O. BROOKS FRESHWADDA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 24-498<br>(Filed: September 26, 2024) |

R.O. Brooks Freshwadda, pro se, Henderson, NV.

Melissa A. Hammer, Tax Division, U.S. Department of Justice, Washington, D.C., with whom were, David A. Hubbert, Deputy Assistant Attorney General and David I. Pincus, Chief, Court of Federal Claims Section, for Defendant. Mary M. Abate, Assistant Chief, Court of Federal Claims Section, Of Counsel.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

In this action, R.O. Brooks Freshwadda, proceeding pro se, seeks a tax refund of $7,356,900, the abatement of interest, an order for the Internal Revenue Service ("IRS") to correct its ledger to show his receipt of a $4,530,905 tax credit, and the removal of over $5 million in liens that IRS assessed against him. See Compl. at 1–2, Docket No. 1; Def.'s Ex. 1, App. at 8, Docket No. 9-1. The case is currently before the Court on the government's motion to dismiss Mr. Freshwadda's complaint under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") based on lack of subject-matter jurisdiction. Docket No. 9. For the reasons set forth below, the government's motion is **GRANTED**, and Mr. Freshwadda's complaint is **DISMISSED**.

## BACKGROUND

According to IRS tax records, Mr. Freshwadda filed three tax returns for the 2021 tax year. The first was a Form 1040 Individual Income Tax Return, in which, Mr. Freshwadda claimed a $7,373,932 refund. Def's Ex. 2, App. at 10–11. The refund amount represented the difference between $4,607,380 of total tax liability that he reported on the Form 1040 and $11,981,312 of federal income tax that he claimed had been withheld, allegedly reflected in a Form 1099. Id. However, there is no Form 1099 in the IRS tax records for Mr. Freshwadda, and

the Form 4340 Certificate of Assessments, Payments, and Other Specified Matters reflects no federal income tax withholding payments. Def's Ex. 1, App. at 5–7.

The IRS determined the Form 1040 was frivolous based on the unsupported claim of withheld federal income tax and assessed a $5,000 penalty under I.R.C. § 6702(a). Def.'s Ex. 5, App. at 99; Def.'s Ex. 9, App. at 108. The IRS then assessed $4,607,380 in taxes due based on the other information Mr. Freshwadda provided in this return, and further assessed $209,609.49 in interest and a $230,299 penalty for failure to timely pay. Def.'s Ex. 1, App. at 5.

Roughly one year later, Mr. Freshwadda filed a Form 1040-X Amended Individual Income Tax Return for the 2021 tax year. Def.'s Ex. 1, App. at 5; Def.'s Ex. 3, App. at 44–45. In the amended return, Mr. Freshwadda again claimed that he was due a refund, this time in the slightly higher amount of $7,393,955. The claim apparently represents the difference between $11,939,000 of federal income tax allegedly withheld based on a still unproduced Form 1099 and $4,545,045 of total tax liability. Def.'s Ex. 3, App. at 49.

The IRS again determined that the Form 1040-X was frivolous based on its claimed Form 1099 credit, Def.'s Ex. 9, App. at 109; Def.'s Ex. 6, App. at 101. The IRS assessed another $5,000 penalty under I.R.C. § 6702(a) for the frivolous return, additional interest of $165,251.48, and another failure to pay penalty—this time in the amount of $138,179.40. Def.'s Ex.1, App. at 5.

Approximately five months after he filed his first amended return, Mr. Freshwadda filed a second Form 1040-X. Def.'s Ex. 1, App. at 6; Def.'s Ex. 4, App. at 68–69. Like the first, this second Form 1040-X claimed a $7,393,955 refund. Def.'s Ex. 4, App. at 73. In addition, Mr. Freshwadda submitted a letter from his CPA, id. at 91, as well as a 2021 Form 1041 Income Tax Return for Estates and Trusts for the "R.O. Brooks Freshwadda Estate Living Trust," id. at 92–95, and an accompanying 2021 Schedule K-1 (Form 1041) Beneficiary's Share of Income, Deductions, Credits, etc. for R.O. Brooks Freshwadda, id. at 96–97. The CPA claimed that the Form 1041 and Schedule K-1, rather than a Form 1099, would support Mr. Freshwadda's claim of withheld income tax. Id. at 91.

The Form 1041 listed an income of $7,500,000 and required distributions of $11,700,000. Id. at 93. But the IRS's 2021 account transcript for the living trust reflects that the trust filed no tax return and had zero income, zero income tax withholding, and zero FICA tax withholding. Def.'s Ex. 8, App. at 105–06. The IRS determined for a third time that Mr. Freshwadda had filed a frivolous form based on a frivolous credit and assessed a third $5,000 penalty under I.R.C. § 6702(a). Def.'s Ex. 7, App. at 103; Def.'s Ex. 9, App. at 109.

After four more months without payment from Mr. Freshwadda, the IRS issued an initial levy and then filed a federal tax lien. Def.'s Ex. 1, App. at 6.

Mr. Freshwadda filed the complaint currently before the Court on March 29, 2024. Docket No. 1. The government filed its motion to dismiss on July 3, 2024. Docket No. 9, and Mr. Freshwadda filed his response on August 7, 2024. Docket No. 11. The government filed its reply on August 21, 2024. Docket No. 12.

**DISCUSSION**

In assessing a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts all undisputed facts as true and "draw[s] all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court also considers exhibits attached to the pleadings and matters of which it may take judicial notice, Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (citing RCFC 10(c)), and may "inquire into jurisdictional facts that are disputed," Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

The pleadings of a pro se plaintiff are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, pro se plaintiffs still bear the burden of establishing that the Court has subject-matter jurisdiction. See Allen v. United States, 88 F.4th 983, 986 (Fed. Cir. 2023).

Under 28 U.S.C. 1346(a)(1), this Court has jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." However, the invocation of this Court's jurisdiction under 28 U.S.C. 1346(a)(1), is subject to the "full payment rule." Flora v. United States, 362 U.S. 145, 176–77 (1960). The full payment rule "requires full payment of the assessment before an income tax refund suit can be maintained." Shore v. United States, 9 F.3d 1524, 1527 (Fed. Cir. 1993) (quoting Flora, 362 U.S. at 177). The rule also applies where a plaintiff challenges the imposition of a penalty under I.R.C. § 6702. Id.; see also Diamond v. United States, 603 F. App'x 947, 949 (Fed. Cir. 2015).

Here, it is undisputed that Mr. Freshwadda has not paid either his assessed tax liability or penalties. See Def.'s Ex. 1, App. at 4–8; Pl.'s Resp., Docket No. 11. Therefore, the Court lacks subject-matter jurisdiction over Mr. Freshwadda's tax refund claim.

Mr. Freshwadda has also requested that the Court direct the IRS to "eliminate all interest charged against [him]." The Court interprets this request as one seeking abatement of interest. But because it is a discretionary act on the part of the IRS, this Court lacks jurisdiction to direct the abatement of interest. Gluck v. United States, 84 Fed. Cl. 609, 615 (2008) (citing Abruzzo v. United States, 24 Cl. Ct. 668, 675 n.9 (1991)).

The Court similarly lacks jurisdiction over Mr. Freshwadda's requests that it "[o]rder [the IRS] to correct [its] ledger" and "remove [the] lien[s] against [him]." Compl. at 3. The Court of Federal Claims "does not possess general equity jurisdiction," Roth v. United States, 378 F.3d 1371, 1384 (Fed. Cir. 2004), and may only afford equitable relief "as an incident of and collateral to" a monetary judgment, 28 U.S.C. § 1491(a)(2). Moreover, the Tax Anti-Injunction Act bars courts from enjoining the IRS's collection efforts. Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002) ("[I.R.C.] § 7421 flatly prohibits any suits 'for the purpose of

restraining the assessment or collection of any tax . . . in any court by any person.'" (quoting I.R.C. § 7421)).

Lastly, in his response to the government's motion to dismiss, Mr. Freshwadda alleges that "[f]raud is being committed." Pl.'s Resp. at 1. This fraud, he contends, consists of representations by the IRS and its employees that IRS is a government agency as opposed to a "for-profit corporation" or "debt collector" whose practices are subject to 15 U.S.C. ch. 41, subch. V. Id. at 1-3. These contentions employ language associated with the so-called "sovereign citizen" movement. See, e.g., Gravatt v. United States, 100 Fed. Cl. 279, 282–83 & n.1 (quoting Bryant v. Wash. Mut. Bank, 524 F. Supp. 2d 753, 758–59 (W.D. Va. 2007)) (describing tenets of the "sovereign citizen" movement). They are "so 'wholly insubstantial' that dismissal for lack of subject matter jurisdiction is appropriate." Basey v. United States, No. 22-533C, 2022 WL 3590265, at *3 (Fed. Cl. Aug. 23, 2022) (quoting Ibrahim v. United States, 799 F. App'x 865, 867 (Fed. Cir. 2020)).

The Court has considered the other allegations set forth in Mr. Freshwadda's complaint and in his response to the government's motion to dismiss and concludes that they do not set forth claims over which this Court possesses jurisdiction. Therefore, the complaint must be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss Mr. Freshwadda's complaint for lack of subject-matter jurisdiction is **GRANTED**, and the case is **DISMISSED without prejudice**. Mr. Freshwadda's motion to proceed in forma pauperis, Docket No. 2, is **GRANTED**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Chief Judge

4